■ Helmsley-Spear, Inc., et al., Respondents, v Michael Fishman, as President of SEIU, Local 32B-32J, AFL-CIO, et al., Appellants. [833 NYS2d 491]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered April 13, 2006, which granted plaintiffs' motion for a preliminary injunction against defendants continuing their "banging racket" outside the Empire State Building, unanimously reversed, on the law, without costs, the injunction vacated and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

This action to restrain conduct of loud drumming to publicize defendant union's handbilling activities is preempted by federal labor law (*see Machinists v Wisconsin Employment Relations Comm'n*, 427 US 132 [1976]; *Wolf St. Supermarkets v McPartland*, 108 AD2d 25 [1985], *lv dismissed* 68 NY2d 833 [1986]; *Jou-Jou Designs v International Ladies' Garment Workers' Union, Local 23-25*, 94 AD2d 395 [1983], *affd* 60 NY2d 1011 [1983]; *see also Teamsters v Morton*, 377 US 252, 259-260 [1964]; *San Diego Building Trades Council v Garmon*, 359 US 236, 244 [1959]). Indeed, the complained-of conduct has already been the subject of a ruling by the National Labor Relations Board recognizing defendants' right to engage in such activities.

The complaint sought only injunctive relief. Inasmuch as such relief is barred, dismissal of the complaint, as demanded in the answer, is appropriate. Concur—Williams, J.P., Gonzalez, Catterson and Kavanagh, JJ. [*See* 12 Misc 3d 1151(A), 2006NY Slip Op 50855(U) (2006).]